IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 05-20125

---

UNITED STATES OF AMERICA
Plaintiff--Appellee

V.

OLABODE TIMOTHY ARANSIOLA
Defendant--Appellant,

---

On Appeal from the United States District Court
Southern District of Texas
Honorable Nancy Atlas

BRIEF OF APPELLANT,
OLABODE TIMOTHY ARANSIOLA

---

Frank Svetlik
One Riverway, Suite 160
Houston, Texas 77056
Telephone: 713.840.8888
Facsimile: 713.893.4811
Attorney for Appellant

CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. United States of America

2. Olabode Timothy Aransiola

Frank Svetlik
One Riverway, Suite 160
Houston, Texas 77056
Telephone: 713.840.8888
Facsimile: 713.893.4811
Attorney for Appellant

# STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is requested. This brief is submitted by appointed counsel who does not desire to continue in the event of an anticipated appeal to the United States Supreme Court and would ask to be relieved in that event but Oral Argument at the Court of Appeals would be appropriate.

# TABLE OF CONTENTS

| | Page |
|---|---|
| CERTIFICATE OF INTERESTED PERSONS | i |
| STATEMENT REGARDING ORAL ARGUMENT | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF AUTHORITIES | iv |
| STATEMENT OF JURISDICTION | 1 |
| STATEMENT REGARDING ORAL ARGUMENT | 2 |
| STATEMENT OF THE ISSUES | 3 |
| STATEMENT OF THE CASE | 5 |
| Proceedings Below | 5 |
| Statement of the Facts | 6 |
| SUMMARY OF THE ARGUMENT | 7 |
| ARGUMENT | 8 |
| CONCLUSION | 24 |
| SIGNATURE OF COUNSEL | 24 |
| CERTIFICATE OF SERVICE | 24 |
| CERTIFICATE OF COMPLIANCE | 25 |

# TABLE OF AUTHORITIES

## CASES

| | |
|---|---|
| *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) | 9, 11, 13, 15, 16, 17, 18, 19, 20, 21 |
| *Blakely v. Washington*, 125 S.Ct. 2531 (June 24, 2004) | 13, 14, 15, 16, 19, 21 |
| *Jones v. United States,* 526 U.S. 227, 244-248 (1999) | 17 |
| *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) | 8 |
| *United States. v. Booker,* 125 S.Ct. 738 (2005) | 12, 17, 19, 20, 21 |
| *United States v. Graham,* 162 F.3d 1180 (D.C. Dir. 1998) | 8, 9 |
| *United States v. McKinney,* 53 F.3d 664, 679 (5th Cir. 1995) | 8 |
| *United States v Ronnilig*, 47 F.3d 710, 712 (5th Cir. 1995) | 8 |

## STATUTES

### FEDERAL

| | |
|---|---|
| 18 U.S.C. § 3742 | 1 |
| 21 U.S.C. § 841(a)(1) | |
| 21 U.S.C. § 841(b)(1)(A)(i) | |
| 21 U.S.C. § 846 | |
| 21 U.S.C. § 952 | |
| 21 U.S.C. § 960(a)(1) | |
| 21 U.S.C. § 960(b)(1)(A) | |
| 21 U.S.C. § 963 | |
| 28 U.S.C. § 1291 | 1 |
| Sentencing Reform Act of 1984 | 1 |

### STATE

## RULES

## SENTENCING GUIDELINES

| | |
|---|---|
| U.S.S.G. § 2D1.1(c)(2) | 20 |
| U.S.S.G. § 3B1.1(a) | 13 |
| U.S.S.G. § 3B1.4 | 13 |

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. §1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Southern District of Texas, Houston Division, and under 18 U.S.C. §3742 as an appeal of a sentence under the Sentencing Reform Act of 1984.

The judgment appealed from was entered on the docket on January 31, 2005. Olabode Timothy Aransiola has filed a notice of appeal on January 31, 2005. This appeal is timely.

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is requested. This brief is submitted by appointed counsel who does not desire to continue in the event of an anticipated appeal to the United States Supreme Court and would ask to be relieved in that event but Oral Argument at the Court of Appeals would be appropriate.

STATEMENT OF THE ISSUES

ISSUE NUMBER ONE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact of the existence of five persons in the purported conspiracy, the identity of those persons in the conspiracy, the leadership role, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER TWO

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact of the knowledge of Olabode Timothy Aransiola of the status of one or more couriers in the conspiracy were minors, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER THREE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that one or more couriers in the conspiracy were minors, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER FOUR

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that Olabode Timothy Aransiola was responsible for over 25 kilograms of heroin, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER FIVE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that Olabode Timothy Aransiola was responsible for between 10 and 30 kilograms of heroin, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER SIX

The trial court erred in determining that Olabode Timothy Aransiola did not have to have knowledge of the fact that the couriers were minors in order to receive the two point enhancement in the offense level under U.S.S.G §3B1.4 for using a minor to commit the offense.

ISSUE NUMBER SEVEN

There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who provided drugs to Couriers in Ghana.

ISSUE NUMBER EIGHT

There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who transported Couriers to Ghana.

ISSUE NUMBER NINE

There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who arranged or assisted in the transportation of Couriers in the United States.

ISSUE NUMBER TEN

There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who housed Couriers in the Chicago area.

## STATEMENT OF THE CASE

A. Proceedings Below,

On or about November 19, 2003 a federal grand jury in the Southern District of Texas returned a ten count indictment charging Olabode Timothy Aransiola with conspiracy to possess with intent to distribute heroin, aiding and abetting the possession with intent to distribute heroin and interstate travel to promote a drug trafficking enterprise. These crimes were alleged to have occurred over a period of time from March 24, 2000 through the date of the indictment. A superceding indictment was filed on April 6, 2004 charging Olabode Timothy Aransiola with conspiracy to import heroin and with conspiracy to possess with intent to distribute heroin.

On June 25, 2004 following a four day trial Olabode Timothy Aransiola was found guilty of conspiracy to import heroin and of conspiracy to possess with intent to distribute heroin.

On January 31, 2005 the district court sentenced Olabode Timothy Aransiola to 360 months in the custody of the Federal Bureau of Prisons; a five year term of supervised release; a mandatory assessment of $200 (Record on Appeal Page 356, Document 278).

On January 31, 2005 Olabode Timothy Aransiola timely filed the notice of Appeal. (Record on Appeal Page 358, Document 279).

B. Statement of the Facts

Testimony by a number of couriers allegedly identified Olabode Timothy Aransiola as a person they had seen in Lagos, Nigeria and Accra, Ghana where he had allegedly seen them swallow pellets and been involved in getting them to airports for transportation to the United States. A number of other witnesses alleged in testimony that he was a person who lived with persons who arranged for shelter and housing for them while they were passing pellets in the Chicago area There was testimony that one or more of the couriers were under 18 years of age.

Olabode Timothy Aransiola has insisted from the inception of this trial that he was a poor man on the edge of economic subsistence making his way reselling goat meat in the Nigerian community and periodically assisting others in their activities in bidding on cars at auto auctions.

The other facts relevant to this appeal are set forth in the Argument section below.

## SUMMARY OF THE ARGUMENT

Olabode Timothy Aransiola takes the position that the identifications of the witnesses are in error and that he has never been involved in any drug importation activities, in facilitating drug traffic in recruiting couriers, in sheltering drug couriers, in arranging transportation or payment for drug couriers or any similar or related activities. The insufficiency of evidence point is included at the request of the appellant, Olabode Timothy Aransiola .

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment,

1. the existence of five persons in the purported conspiracy, the identity of those persons in the conspiracy and the supervisory role of Olabode Timothy Aransiola over one or more of those persons;
2. the knowledge of Olabode Timothy Aransiola of the status of one or more couriers in the conspiracy were minors;
3. that one or more couriers in the conspiracy were minors;
4. that Olabode Timothy Aransiola was responsible for over 25 kilograms of heroin;
5. that Olabode Timothy Aransiola was responsible for between 10 and 30 kilograms of heroin,

facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

The offense level as calculated using the enhancing facts above listed formed the basis of the sentence which was imposed. The trial court has usurped the jury function of determining guilt or innocence of facts that control the sentence in making critical fact findings in the formualistic application of the Sentencing Guidelines to determine where in the range of punishment to set the minimum sentence. The United States Attorneys office in the memo referred to in the brief has a duty to "report" to its home office any judges who do not sentence at or over the minimum guidelines sentencing threshold. Certainly no trial judge can feel free to set a sentence below the guidelines range where the judge is being watched by the executive branch's DOJ.

The trial court erred in determining that Olabode Timothy Aransiola did not have to have knowledge of the fact that the couriers were minors in order to receive the two point enhancement in the offense level under U.S.S.G §3B1.4 for using a minor to commit the offense.

Olabode Timothy Aransiola should be responsible for only 1 kilogram of heroin

ARGUMENT

ISSUE NUMBER ONE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact of the existence of five persons in the purported conspiracy, the identity of those persons in the conspiracy, the leadership role, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

The Fifth Circuit has found that, if the defendant is to be found a leader or organizer, there must be a finding that the defendant "control[led] or influence[d] other people." *United States v. Ronnilig*, 47 F.3d 710, 712 (5th Cir 1995). Further, there must be five culpable persons involved in the offense, of which the defendant must have had direct control over at least one. *United States v McKinney,* 53 F.3d 664, 679 (5th Cir. 1995). "Factors to consider [in applying this enhancement] include the exercise of decision-making authority, the nature of participation in the commission of the offense, and the degree of control and authority exercised over others." *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir 1995). *United States v. Graham,* 162 F.3d 1180 (D.C. Dir. 1998) The trial judge court tried to support this fact finding with extensive analysis of the Adeniji relationship but then cast doubt on the veracity of the witnesses when stating "who knows what she was saying or claiming" when describing the assertion in the presentence report that a female witness had allegedly been the wife of Aransiola. The role of leadership of an organization involving five or more was the subject of a spirited discussion at

sentencing. All of the discussion centered upon the relationship of Adeniji and Aransiola as an independent organization separate and apart from that of PAPA Lawrence. That is a two man organization. There was no proof or finding of a five person organization. The government conceded that it was fuzzy on proof that the allegations of drugs belonging to Aransiola other than with respect to one identified transaction with Adeniji. That is a two man organization. *Graham* held that the conclusory statements by co-conspirators regarding the defendant's role were insufficient to support a leadership enhancement. That is all that is present in this case regarding an independent organization run by Aransiola.

The existence of a five man organization exposed Aransiola to increased punishment. As a fact that exposed Aransiola to increased punishment it was an element of the crime and is required by *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) to be included in the indictment. Not being in the indictment it was not proven by a plea of guilty and was not found by a jury. The existence of exercise of control over at least one person in a five man organization exposed Aransiola to increased punishment. As a fact that exposed Aransiola to increased punishment it was an element of the crime and is required by *Apprendi* to be included in the indictment. Not being in the indictment it was not proven by a plea of guilty and was not found by a jury.

Because a jury did not find and the indictment did not completely charge the criminal activity which exposed Aransiola to the enhanced punishment for being an organizer/leader the 4 point upward adjustment should be removed from the calculation of the offense level of Aransiola.

REQUEST FOR RELIEF UNDER ISSUE ONE. Olabode Timothy Aransiola requests that the case be remanded to the district court for resentencing in accordance with the opinion of this court setting forth the correct offense level or instructions from this court for the determination of the correct offense level by deleting the four point increase in the offense level for being an organizer-leader.

ISSUE NUMBER TWO

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact of the knowledge of Olabode Timothy Aransiola of the status of one or more couriers in the conspiracy were minors, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER THREE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that one or more couriers in the conspiracy were minors, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

The use of minors and proof of the knowledge of Aransiola that some of the couriers were minors could easily have been submitted to the jury but it was not. Instead the court looked to circumstantial evidence and drew inferences that such

information would have been obvious from passports but there was no proof in the presentence report or elsewhere that the Aransiola had knowledge that the couriers were minors or that he used minors in his purported independent dealings.

The use of minors and proof of the knowledge of Aransiola that some of the couriers were minors exposed Aransiola to increased punishment. As a fact that exposed Aransiola to increased punishment it was an element of the crime and is required by *Apprendi* to be included in the indictment. Not being in the indictment it was not proven by a plea of guilty and was not found by a jury. The use of minors and proof of the knowledge of Aransiola that some of the couriers were minors exposed Aransiola to increased punishment. As a fact that exposed Aransiola to increased punishment it was an element of the crime and is required by *Apprendi* to be included in the indictment. Not being in the indictment it was not proven by a plea of guilty and was not found by a jury.

Because a jury did not find and the indictment did not completely charge the criminal activity which exposed Aransiola to the enhanced punishment for use of minors and knowledge by Aransiola that some of the couriers were minors the 2 point upward adjustment should be removed from the calculation of the offense level of Aransiola.

The knowledge of Aransiola that the persons involved were minors is a fact which is required to be proven. The court admitted there was no evidence that

Aransiola had knowledge of their status as minors but then ruled that such lack of knowledge was immaterial and piled on the points for using a minor in the commission of a crime.

REQUEST FOR RELIEF UNDER ISSUES TWO and THREE. Olabode Timothy Aransiola requests that the case be remanded to the district court for resentencing in accordance with the opinion of this court setting forth the correct offense level or instructions from this court for the determination of the correct offense level by excluding or deleting the two point offense level increase for use of a minor in the crime.

ISSUE NUMBER FOUR

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that Olabode Timothy Aransiola was responsible for over 25 kilograms of heroin, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

ISSUE NUMBER FIVE

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, the fact that Olabode Timothy Aransiola was responsible for between 10 and 30 kilograms of heroin, facts (other than prior conviction) that increased the punishment to which Olabode Timothy Aransiola was exposed were not charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt and cannot be used to increase the offense level of the conduct on which Olabode Timothy Aransiola was sentenced.

The only date on the sealed supplement to the presentence report is found below the signature of Javier Garcia on page 5 of the supplement. That date is January 5, 2005, a date prior to the January 12, 2005 *United States. v. Booker,* 125

S.Ct. 738 (2005) decision and prior to the January 31, 2005 sentencing. The report states in pertinent part:

"Defense counsel has raised objections to the PSR relative to the Supreme Court ruling in *Blakely v Washington*, 124 S. Ct, 2531, ---L Ed. 2d--- (2004) This case involved a challenge to a departure in sentencing from the State of Washington's statutorily derived sentencing guidelines. The Blakely decision required the State Court to apply the rule of *Apprendi v New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L,Ed. 2d 435, which stated, "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" The *Blakely* decision specified that any fact legally essential to the defendant's sentence must be found by a jury or admitted by the defendant to avoid violation of the defendant's Sixth Amendment rights The *Blakely* decision clarified the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts

The defendant has raised three issues relative to *Blakely*, as follows:

Paragraphs 45, 46 and 52 (of the presentence report) allege Aransiola was responsible for 25 kilograms of heroin. The Indictment in counts 1 and 2 allege only in excess of 1 kilogram of heroin. Therefore, only in excess of 1 kilogram of heroin was charged and proved beyond a reasonable doubt

Paragraph 55 (of the presentence report) is a four-level increase pursuant to U.S.S.G. § 3B1.1(a) for Aransiola being a leader or organizer of a criminal activity that involves 5 or more participants or is otherwise extensive. This was neither alleged nor proven to the jury beyond a reasonable doubt.

Paragraph 56 (of the presentence report) is a two-level increase pursuant to U.S.S.G. § 3B1.4 for use of a minor in the commission of the offense This was neither alleged nor proven to the jury beyond a reasonable doubt."

The presentence report then went on to state as had counsel for the defendant in his objections to the presentence report that the proper calculation of the offense level under the Sentencing Guidelines the proper sentencing rang for an offense level 32 with criminal history category of I was 121 to 151 months

"The Sentencing Guideline calculations pursuant to Blakely would be as follows:

| | |
|---|---|
| Base Offense Level: The defendant is held accountable for 1 kilogram of heroin. Pursuant to U.S.S.G §2D1.1(c)(4), the base offense level is 32 | 32 |
| Specific Offense Characteristics: None | 0 |
| Victim-Related Adjustments: None | 0 |
| Adjustments for Role in the Offense | 0 |
| Adjustments for Obstruction of Justice | 0 |
| Adjusted Offense Level (Subtotal) | 32 |
| Adjustment for Acceptance of Responsibility | 0 |
| Total Offense Level | 32 |

"Based on a total offense level of 32 and a criminal history category of I, the guideline range for imprisonment is 121 to 151 months, and is found in Zone D of the Sentencing Table, U.S.S.G Chapter 5, Part A."

The trial court was given ample opportunity to appreciate the impact of the *Blakely* decision on the need to have the facts alleged and proved and found by a jury in order to be to have those facts be used in the sentencing of the accused. Certainly the probation department and counsel for Aransiola at trial (Record on Appeal Page 335) understood the practical effect of the holding in *Blakely*. The trial court struggled with the requirements of sentencing (Sentencing Transcript Page 51, line 14-16) and was clearly burdened by what the Sentencing Guidelines

required. The trial court erroneously characterized the trial as multi week. (Sentencing Transcript Page 51, line 17) It was only five days. The court sentenced at the bottom of the guideline range (Sentencing Transcript Page 53, line 14) but the court may have felt free to sentence at the bottom of the guideline range of the guidelines had been properly calculated as suggested by Aransiola and counsel at trial and by the probation department in its supplemental report.

I have long advised clients that in Federal court they will be punished not for the crime for which they stand convicted but rather they will be sentenced for what they are rumored to have done. I have told them that the indictment does not tell them what they are accused of having done and that they cannot know that until after they receive the presentence report. I have told them that there is no due process safeguard which lets them know the penalty they will face upon reading the indictment. I have told them that even if they are found innocent of specific counts in the indictment they will in all likelihood receive a sentence based on being found guilty of those very acts under the murky guise of "relevant conduct." And I have been right. Look at the words of the Opinion of the Supreme Court in *Blakely v. Washington*, 125 S.Ct.2531 (June 24, 2004):

> Those who would reject *Apprendi* are resigned to one of two alternatives. The first is that the jury need only find whatever facts the legislature chooses to label elements of the crime, and that those it labels sentencing factors--no matter how much they may increase the punishment--may be found by the judge. This would mean, for example, that a judge could sentence a man for committing murder even if the jury convicted him only of illegally possessing the firearm used to

> commit it--or of making an illegal lane change while fleeing the death scene. Not even *Apprendi*'s critics would advocate this absurd result Cf 530 U.S., at 552-553 (*O'Connor*, J , dissenting). The jury could not function as circuitbreaker in the State's machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State *actually* seeks to punish.[10]

With the presentence investigation report being substantively more important than the finding of guilt or innocence on a particular charge if any charge in the indictment is the subject of a guilty verdict the telling words of the majority in *Blakely* ring with clarion clarity.

> Any evaluation of *Apprendi*'s "fairness" to criminal defendants must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, see 21 U.S.C. §§841(b)(1)(A), (D),[13] based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong.

Where is the right to a trial by jury and to dispute facts which will send you to jail for a long time and to have them proven and found beyond a reasonable doubt if such facts are found by a preponderance of the evidence by the sentencing federal district judge? *Blakely* makes it clear that these enhancing characteristics need to be part of the plea of guilty or need to be the subject of a jury finding.

> Our commitment to *Apprendi* in this context reflects not just respect for longstanding precedent, but the need to give intelligible content to the right of jury trial. That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary. See Letter XV by the Federal Farmer (Jan. 18, 1788), reprinted in 2 The Complete Anti-Federalist 315, 320 (H.

Storing ed. 1981) (describing the jury as "secur[ing] to the people at large, their just and rightful controul in the judicial department"); John Adams, Diary Entry (Feb. 12, 1771), reprinted in 2 Works of John Adams 252, 253 (C. Adams ed. 1850) ("[T]he common people, should have as complete a control ... in every judgment of a court of judicature" as in the legislature); Letter from Thomas Jefferson to the Abbé Arnoux (July 19, 1789), reprinted in 15 Papers of Thomas Jefferson 282, 283 (J. Boyd ed. 1958) ("Were I called upon to decide whether the people had best be omitted in the Legislative or Judiciary department, I would say it is better to leave them out of the Legislative"); *Jones* v. *United States*, 526 U.S. 227, 244-248 (1999). *Apprendi* carries out this design by ensuring that the judge's authority to sentence derives wholly from the jury's verdict. Without that restriction, the jury would not exercise the control that the Framers intended.

....... the very reason the Framers put a jury-trial guarantee in the Constitution is that they were unwilling to trust government to mark out the role of the jury.

As *Apprendi* held, every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment.

The Aransiola case is replete with *Blakely* and *U.S. v. Booker*, 125 S.Ct. 738 (2005). error. The response by Aransiola to the pre sentence report (Record on Appeal, pages 335-338 Document 231)devoted a significant portion of its length to the insidious practice of sentencing defendants on what they are rumored to have done rather than based up what the jury convicted them of doing. *Booker* was decided by the United States Supreme Court on January 12, 2005 and the defendant in this case was sentenced on January 31, 2005.

The sentencing court cannot convert slavish compliance with the dictates of the sentencing guidelines by reciting a talismanic mantra to the effect that the court

is making the sentence in the exercise of discretion or by reciting that the court is making the sentence in the exercise of the court's unfettered discretion. Form cannot prevail over substance. The harsh reality is that as applied over the past two decades the sentencing guidelines rely on rumor, innuendo, slander, peevish vengeful recitations from persons motivated to hurt the accused, and often other untruths invented by other accused persons attempting to give the government what it wants in hopes of reducing their own sentences or punishment exposure. When the weight of heroin attributed to Aransiola is computed in either the presentence report or the court's chart found at Record Page 348-345 denominated Court Exhibit 1 the amounts are estimates and not founded on any reality or hard evidence. The court was inclined to disallow certain alleged amounts but became convinced that the reductions were not material because the total weight had to be reduced from twenty five kilograms in the presentence report and in the court's chart to below ten kilograms before it would have any impact on the relevant conduct and therefore the offense level and sentence to which Aransiola was exposed. More importantly these facts regarding weight of heroin involved are not found by a jury. They are not charged in the indictment. The same arguments that gave rise to the *Apprendi* decision apply to this type of star chamber proceeding. The accused is not advised in the indictment of the amount of contraband against which he must defend. The accused receives no due process warning of the crime

with which he is charged to the extent that he cannot know by the indictment the weight of the controlled substance which will be used in determining his sentence. If you indulge in the fiction that the weight of the controlled substance does not determine his sentence it must be conceded that the weight of contraband does determine just how bad an evildoer the court will consider the accused.

This information regarding the total weight of heroin involved which the government thinks is attributable to Aransiola was not a secret and yet it was not developed at the time of trial. Although I do not personally regard former Attorney General Ashcroft as a great civil libertarian he was nothing if he was not insistent upon his subordinates being organized. In the following quotation from the post *Booker* memorandeum from James Comey to Assistant United States Attorneys throughout the width and breadth of the land he urged them to follow the policy of former Attorney General Ashcroft in seeking the longest prison sentences possible for any offender for any offense.

As set forth in Attorney General Ashcroft's Memorandum on Department Policies and Procedures Concerning Sentencing Recommendations and Sentencing Appeals (July 28, 2003), the "most serious" readily provable offenses are those that would generate the most substantial sentence pursuant to: (1) the Guidelines; (2) one or more applicable mandatory minimums; and/or (3) a consecutive sentence required by statute.

The memorandum goes on to state:

One of the fundamental principles underlying the Guidelines is that punishment should be based on the real offense conduct of the defendant. To ensure that sentences reflect real offense conduct, prosecutors must present to the district court all readily provable facts relevant to sentencing.

If the memorandum were to conform to the holdings of *Apprendi v New Jersey* 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S.Ct 2531 (2004). and *Booker* it would require the presentation of the real offense conduct to the jury and obtaining a fact finding of guilt as to the real offense conduct. Any standard short of a jury finding of guilt on issues and facts which expose the accused to a harsher sentence is a deprivation of the right to trial by jury.

When Aransiola was indicted the Unites States Attorney knew the weight of drugs which the United States Attorney felt it could prove and upon which the sentence would be imposed if the United States Attorney were successful in making its proof. Why should that information be kept secret? Due process requires that the accused Aransiola be appraised of the charges against him and on the crimes of which he is accused and of the crimes and conduct for which he will be sentenced. The thread of the *Apprendi, Blakely and Booker* decisions is that the right to trial by jury is sacrosanct, that the jury must find the amount of drugs which will form the basis of the sentence for the accused. The finding of guilt of possession of more than one kilogram is not the same as a finding of guilt of possession of over 25 kilograms as set forth in Court Exhibit 1 at page 345 of the Record on Appeal . The finding of guilt of possession of more than one kilogram is not the same as a finding of guilt of possession of over 10 kilograms but less than 30 kilograms of heroin as set forth in the presentence report Paragraph 52 applying U.S.S.G. § 2D1.1(c)(2). If the total

weight of drugs is to govern the sentence as it obviously does here the total weight of the drugs under the Fifth and Sixth Amendments must be alleged in the indictment. If the total weight of drugs is to govern the sentence as it obviously does here the total weight of the drugs under the Fifth and Sixth Amendments must be found by the jury. Judge Hinijosa in his capacity as a member of the Sentencing Guidelines Commission is alleged to have offered the following testimony:

> After *Blakely* however, we are confronted with a construction of the law holding that the Guidelines maximums that are subsumed within a larger statutory maximum are themselves, to be treated as "maximum sentences" for purposes of the Constitution's jury guarantee. As the *Blakely* court put it:
>
> Our precedents make clear, however, that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. ... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment." 124 S Ct at 2537

It is a promotion of form over substance to suggest that once found guilty of possession of more than one kilogram of Heroin the accused is exposed to the entire range of punishment. The reality of the situation is that the increased weight of drugs which the sentencing court finds were involved exposes the accused to increased punishment. As far back as *Ring v. Arizona,* 536 U. S. 584 (2002), the United States Supreme court found that it was impermissible for 'the trial judge, sitting alone' to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty. *Id.,* at 588-589. *Apprendi* dictates that such factors must be found by the jury. *Blakely* squarely holds that sentencing issues that determine where a sentence will fall within a discretionary range must be

found by the jury. *Booker* requires that such factors must be found by the jury. It is time for this court to recognize and hold that such factors must be found by the jury.

REQUEST FOR RELIEF UNDER ISSUES FOUR and FIVE. Olabode Timothy Aransiola requests that the case be remanded to the district court for resentencing in accordance with the opinion of this court setting forth the correct offense level based on one kilogram of heroin with a base level offense of 32 or instructions from this court for the determination of the correct offense level.

ISSUE NUMBER SIX
The trial court erred in determining that Olabode Timothy Aransiola did not have to have knowledge of the fact that the couriers were minors in order to receive the two point enhancement in the offense level under U.S.S.G §3B1.4 for using a minor to commit the offense.

The knowledge of Aransiola that the persons involved were minors is a fact which is required to be proven. The court admitted there was no evidence that Aransiola had knowledge of their status as minors but then ruled that such lack of knowledge was immaterial and added in the points for using a minor in the commission of a crime. The colloquy at sentencing on this issue between the court and counsel showed that this is a case of first impression in this circuit and that there appear to be no recorded opinions on the requirement of knowledge of the status of the participant as a minor. Aransiola requests that this issue be resolved by this circuit in his favor requiring proof of such knowledge before enhancing the offense level by 2 points.

REQUEST FOR RELIEF UNDER ISSUES SIX. Olabode Timothy Aransiola requests that the case be remanded to the district court for resentencing in accordance with the opinion of this court setting forth the correct offense level or instructions from this court for the determination of the correct offense level by

excluding or deleting the two point offense level increase for use of a minor in the crime.

ISSUE NUMBER SEVEN
There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who provided drugs to Couriers in Ghana.

ISSUE NUMBER EIGHT
There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who transported Couriers to Ghana.

ISSUE NUMBER NINE
There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who arranged or assisted in the transportation of Couriers in the United States.

ISSUE NUMBER TEN
There is insufficient evidence to support the identification of Olabode Timothy Aransiola as the person who housed Couriers in the Chicago area.

Issues seven, eight, nine and ten have been included at the request of the appellant who truly believes that he was a person living in the Chicago area getting by on meager profits from purchasing goat meat and reselling it in the Nigerian community and helping a group of individuals as they made their living buying cars at an auto auction and reselling them. He insists that he was married once only and that the assertions that another woman other than Ms. Clay was his wife was only one of a series of unfortunate and inaccurate misstatements of fact. Aransiola insists that he has never been active in the drug business, smuggling, recruiting couriers, housing or transporting couriers of drugs and that all identifications of him as the person involved in such matters are erroneous.

REQUEST FOR RELIEF UNDER ISSUES SEVEN, EIGHT, NINE and TEN. Olabode Timothy Aransiola requests that the case be reversed and rendered and that he be permitted to go free.

CONCLUSION

Wherefore OLABODE TIMOTHY ARANSIOLA prays that the relief requested in Appellant's Brief be granted to OLABODE TIMOTHY ARANSIOLA

Respectfully Submitted,

Frank Svetlik
State Bar No. 19542500
One Riverway., Suite 160
Houston, Texas 77056
713.840.8888
fax: 713.893.4811
APPOINTED COUNSEL ON APPEAL
ATTORNEY FOR OLABODE TIMOTHY ARANSIOLA

CERTIFICATE OF SERVICE

I hereby certify that two paper copies and one electronic copy of the above and foregoing brief of appellant, OLABODE TIMOTHY ARANSIOLA, has been served on the following by placing the same in the United States mail pre-paid postage and properly addressed this 23 day of August 2005 to the following.

Frank Svetlik

Jim Turner, Appellate Section
Don Calvert, Appellate Section
Assistant United States Attorney
P. O. Box 61129
Houston, Texas 77208

Olabode Timothy Aransiola
21503424
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois 61555-5000

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 7200 words without excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the Typeface requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word 2003 software in Times New Roman 14 point font in text and Times New Roman 12 point type in footnotes.

This brief and the accompanying electronic copy of this brief on 3.5 inch diskette comply with 5th Cir. R. 31.1 because they have been converted to Portable Document File (PDF) format.

Frank Svetlik